IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-30543
Summary Calendar

_____

LEROY CONISH; GAIL HONORE CONISH,
individually and on behalf of their
minor child, Honore Conish,

                                    Plaintiffs-Appellants,

versus

ST. JAMES PARISH; DALE HYMEL, JR.,
Parish President; WATER UTILITY DISTRICT OF
ST. JAMES PARISH; JODY CHENIER; DANNY ST. PIERRE;
GLEN MILLET; LLOYD LEBLANC; THOMAS KLIEBERT;
THOMAS GEORGE; ROLAND PERQUE; WILSON MITCHELL;
ARTHUR MATHERNE, JR.; DAVID LABORDE,

                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-3890-S

_____
May 23, 2000

Before POLITZ, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:[*]

        Leroy Conish, Gail Honore Conish, and Honore Conish, appeal the summary

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment dismissal of their civil rights complaint in which they allege a violation of the Equal Protection Clause of the fourteenth amendment. The Conishes contend that the St. James Parish zoning ordinances, as respects the sale of family subdivisions, and the St. James Parish Planning Commission's decisions regarding their application for reclassification of their property from family subdivision to public subdivision, should be reviewed under a strict scrutiny standard because the provisions and practices of the zoning code and the Planning Commission amount to a policy of racially segregated neighborhoods.

Our review of the record persuades that the zoning ordinances at issue are facially neutral and do not disparately impact a suspect class in their application.[2] Accordingly, the district court properly applied the rational basis standard of review. The defendants' summary judgment evidence establishes that the Commission's decision to deny the Conishes' reclassification request was not based on an improper racial motive. Rather, it was rationally related to legitimate governmental interests, including the orderly, planned, efficient, and economical development of the Parish, and the impact of any subdivision development on the Parish's water lines, drainage and sewerage systems, fire protection, and street surfacing and traffic matters.[3] The Conishes have produced no evidence to the contrary.

The judgment appealed is AFFIRMED.

---

[2]City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432 (1985); Johnson v. Rodriguez, 110 F.3d 299 (5th Cir. 1997).

[3]Shelton v. City of College Station, 780 F.2d 475 (5th Cir. 1986).